UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
EMPIRE COMMUNITY DEVELOPMENT, LLC,

                Plaintiff,

   v.

BRIAN K. LARSEN, KIMBERLY A. LARSEN
A/K/A KIMBERLY A. KAISER-LARSEN,

                Defendants.
----------------------------------------------------------X

**REPORT AND RECOMMENDATION**

2:23-cv-05896(NJC)(LGD)

**LEE G. DUNST**, Magistrate Judge:

Presently before the Court is Plaintiff Empire Community Development LLC's ("Empire" or "Plaintiff") motion for default judgement and other relief (the "Motion") pursuant to Federal Rule of Civil Procedure ("Rule") 55(b)(2), seeking a judgement of foreclosure and sale pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") § 1301, et seq. *See* Electronic Case File Number ("ECF No.") 19. On March 8, 2024, District Judge Nusrat J. Choudhury referred the Motion to the undersigned for a Report and Recommendation. *See* Mar. 8, 2024 Order. Pursuant to that referral, the undersigned respectfully recommends that the Motion be granted in part as to liability and be denied without prejudice as to foreclosure and sale, damages and costs, and appointment of a referee.

**I.**     **FACTUAL BACKGROUND**[1]

On July 23, 2007, Brian K. Larsen and Kimberly Larsen (the "Defendants") obtained a mortgage for 16 Thomas Street in Coram New York (the "Subject Property") in the amount of

---

[1] Given Defendants' failure to respond to the complaint at ECF No. 1 ("Complaint"), Plaintiff's well-pled factual allegations in the Complaint are accepted as true. *See* Fed. R. Civ. P. 8(b)(6); *Antoine v. Brooklyn Maids 26*, 489 F. Supp. 3d 76, 90-91 (E.D.N.Y. 2020) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability." (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). In determining whether a plaintiff is entitled to default judgment, the court is "limited to the non-conclusory, factual allegations" in the complaint. *Antoine*, 489 F. Supp. 3d at 90-91 (citing *Johannes Baumgartner Wirtschafts-Und Vermogensberatung GmbH v. Salzman*, 969 F. Supp. 2d 278, 287 (E.D.N.Y. 2013)).

$333,730.00 from Mortgage Electronic Registration Systems, Inc., as nominee for Lincoln Mortgage Corp. ECF No. 1 ¶ 9. The Defendants then delivered a note to Lincoln Mortgage Corp. in the amount of $333,730.00. *Id.* ¶ 10. On September 20, 2012, the Defendants entered into a loan modification agreement, which adjusted the unpaid principal balance to $336,450.56, and revised the terms of repayment. *Id.* ¶ 11. This loan modification agreement was recorded in the Suffolk County Clerk's Office on February 20, 2014. *Id.* The mortgage was then reassigned several times over the course of the next eleven years, resulting in a final assignment from Reliant Income Fund, LLC to Empire on March 9, 2022. *Id.* ¶ 12; *Id.*, Ex. E.

On March 1, 2017, Defendants failed to comply with the terms of the mortgage by failing to make their monthly payments. *Id.* ¶ 13. Consequently, on October 27, 2022, Empire advised Defendants of the possible acceleration of the loan due to their continuing default by mailing a 90-day default notice pursuant to RPAPL § 1304 to the Subject Property and to 4255 E. Pecos Road in Gilbert, Arizona – the last known address for Defendants. *Id.* ¶ 16. On that same day, Plaintiff filed its 90-day notice statement with the New York State Department of Financial services as required by RPAPL § 1306. *Id.* Plaintiff maintains that it "has complied with all the provisions of Section 595a and Section 6-1 of the Banking Law and RPAPL Section 1304, except where it is exempt from doing so." *Id.* ¶ 18.

## II.   PROCEDURAL HISTORY

On August 3, 2023, Plaintiff filed the instant Complaint against the Defendants as well as the Suffolk County Traffic and Parking Violations Agency ("TPVA").[2] On August 26, 2023, Plaintiff effectuated service on Kimberly A. Larsen by delivering a copy of the summons and

---

[2] Plaintiff and the Suffolk County TPVA filed a stipulation of dismissal, "discontinu[ing] [this case] with prejudice as to only Suffolk County Traffic and Parking Violations agency," which Judge Choudhury so ordered on March 26, 2024. ECF No. 18; Mar. 26, 2024 Order. In light of the March 26, 2024 Order, TPVA has been terminated as a defendant.

complaint to "said defendant personally." ECF No. 10. On October 3, 2023, Plaintiff effectuated service on Brian Larsen by delivering a copy of the summons and complaint to a "co-occupant [of] suitable age and discretion" at "[Brian Larsen's] place of residence within the state." ECF No. 11. Neither Defendant answered the Complaint.

On October 25, 2023, Plaintiff requested a certificate of default against Defendants, which the Clerk of the Court granted on November 3, 2023. ECF Nos. 12 & 13. Consequently, on November 6, 2023, Judge Choudhury ordered that "[i]n light of the clerk's entry of default (ECF No. 13 ), the plaintiff's motion for default judgment shall be filed on or before **December 6, 2023**.") (bold in original). Nov. 6, 2023 Order. On December 4, 2023, Plaintiff moved for an extension of time to file its default motion to January 17, 2023. ECF No. 15. Judge Choudhury granted the motion the next day. Dec. 5, 2023 Order. On January 17, 2024, Plaintiff moved for another extension of time to file its default motion, this time to February 21, 2024. ECF No. 17. Despite noting that this motion was "untimely" and in violation of the Court's Individual Rules, Judge Choudhury granted the motion. Jan. 19, 2024 Order. On February 20, 2024, Plaintiff filed the instant Motion along with a memorandum of law, affidavits, and declarations in support of the Motion, and then served copies upon Defendants. ECF No. 19. On March 8, 2024, Judge Choudhury referred the Motion to the undersigned for a Report and Recommendation. Mar. 8, 2024 Order.

Plaintiff's Motion requests that the Court (1) enter an order of default judgment pursuant to Rule 55(b)(2); (2) grant Plaintiff a judgment of foreclosure and sale pursuant to RPAPL §§ 1354 and 1355; (3) appoint a referee to effectuate a sale of the Subject Property and to disburse the funds from such sale pursuant to RPAPL § 1611 and Federal Rule of Civil Procedure 53; and (4) order that Defendants' interests in the property be extinguished. ECF No.

3

19-3.  According to Plaintiff, the outstanding principal balance due on the loan is $335,810.85 (as of January 31, 2023) plus interest, costs, and disbursements for a grand total of $503,126.05.  ECF No. 19-2 at 8.

### III.     LEGAL STANDARDS

#### A.     Default Judgement

A motion for default judgment is governed by Rule 55, which sets out a two-part standard that must be met for a default judgment to be ordered.  First, the moving party must obtain a certificate of default from the Clerk of the Court and then the moving party may apply for entry of a default judgment.  *See Windward Bora LLC v. Thomas*, No. 20-CV-6046, 2022 WL 5114489, at *3 (E.D.N.Y. Sept. 30, 2022).  If a default is granted, the factual allegations of the well-pleaded complaint are deemed true.  *See Id.* at *3 (internal citation omitted).  Courts, however, have the responsibility "to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief."  *Id.* (internal citation omitted).  "Accordingly, prior to entering a default judgment, the court must determine whether the plaintiff's allegations establish the defendant's liability 'as a matter of law.'"  *Id.* (quoting *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015)).

#### B.     Foreclosure

Under the RPAPL, a plaintiff seeking foreclosure must show (1) the existence of the mortgage and mortgage note, (2) ownership of said mortgage, and (3) the defendants' default on the loan secured by the mortgage.  *See Wilmington PT Corp. v. Tiwana*, 19-CV-2035, 2023 WL 4673777, at *7 (E.D.N.Y. June 12, 2023) 2023 WL 4673777, at *7 (E.D.N.Y. June 12, 2023) (citing *Gustavia Home, LLC v. Bent*, 321 F. Supp. 3d 409, 414 (E.D.N.Y. 2018)).  For a plaintiff

to establish a *prima facie* entitlement to judgment they first must submit the mortgage, the unpaid note, and evidence of the default, and upon that showing, the burden then shifts to defendants to rebut the plaintiff's evidence and can only be overcome by an affirmative showing by the mortgagor. *Id.*

### C.     RPAPL

Plaintiff must abide by the procedures set forth by the RPAPL. For example, Section 1304 requires at least 90-day notice before the mortgage servicer commences legal action against the borrower. RPAPL § 1304. Section 1306 requires each lender, assignee, or mortgage loan servicer to file with that notice with the Superintendent of New York State Department of Financial Services within three business days. RPAPL § 1306. As relevant to the Motion, the Court must consider other portions of the RPAPL: Section 1351, which governs the judgment of sale; Section 1354, which governs the distribution of proceeds of sales; and Section 1611, which governs the appointment of a referee in a final order.

### D.     Damages

"A defendant's default does not constitute an admission as to the damages claimed in the complaint." *A&B Alternative Mktg. Inc. v. Int'l Quality Fruit Inc.*, 521 F. Supp. 3d 170, 176 (E.D.N.Y. 2021), *aff'd*, 35 F.4th 913 (2d Cir. 2022). "A court must ensure that there is an adequate basis for the damages sought by a plaintiff before entering judgment in the amount demanded." *Antoine*, 489 F. Supp. 3d at 77. "A court must . . . must also be able to ascertain the amount of damages 'with reasonable certainty.'" *Id.* (internal citation omitted). "A court may make this determination based upon evidence presented at a hearing or upon a review of detailed affidavits or documentary evidence." *Id.* (internal quotations and citations omitted).

### IV. DISCUSSION

Here, the Court finds (1) Plaintiff adequately pled facts to support granting default judgment; (2) Plaintiff adequately pled facts to support foreclosure and sale, but is not entitled to secure foreclosure and sale at this time; (3) Plaintiff has not adequately established the damages at issue; (4) the decision to appoint a referee to effectuate a sale of the Subject Property and to disburse the funds from such sale should be denied without prejudice at this time; and (5) default judgment should be entered against Defendants as to liability.

#### A. Plaintiff Is Entitled to a Default Judgement

In determining whether to grant a motion for default judgment a court must evaluate (1) whether the default was willful; (2) whether the defendant has a meritorious defense to the plaintiff's claims; and (3) the level of prejudice the non-defaulting party would endure because of the denial of the default motion. *See Stokes v. MilkChocolateNYC LLC*, 22 Civ. 6786, 2023 WL 4447073, at *4 (S.D.N.Y. July 11, 2023) (internal quotations and citations omitted). A defendant's nonappearance and failure to respond to a complaint demonstrates willfulness. *See Laura Elec. Lighting & Maint. Serv. Inc.*, No. 20-CV-3700, 2021 WL 6294391, at *3 (E.D.N.Y. Dec. 14, 2021) (finding a willful default when defendants did not file a timely answer) *report and recommendation adopted*, 2022 WL 59655 (E.D.N.Y. Jan. 6, 2022). Defendants were properly served and have not appeared in this action. ECF Nos. 10 & 11. As no one has rebutted Plaintiff's claims and Plaintiff has submitted sufficient evidentiary support, there is no basis for the Court to find that Defendants have a meritorious defense. *See ADI Global Distribution v. Green*, No. 20-CV-3869, 2023 WL 3355049, at *4 (E.D.N.Y. Apr. 24, 2023) (granting default judgment where defendants did not appear) *report and recommendation adopted*, No. 20-CV-3869, 2023 WL 3346499 (E.D.N.Y. May 10, 2023) (internal citations

omitted). Finally, Plaintiff would be prejudiced if the Court were to deny this Motion. *Wilmington PT Corp. v. Parker*, No. 19-CV-2380, 2020 WL 1704303, at *7 (E.D.N.Y. Mar. 20, 2020) (finding prejudice where plaintiff would have no other methods of recovery if default judgment was not granted) *report and recommendation adopted sub nom.*, 2020 WL 1703634 (E.D.N.Y. Apr. 8, 2020). For the reasons above, the motion for default judgment against all Defendants should be granted.

### B. Plaintiff Has Established Their Right to Foreclosure

The Court finds that Plaintiff has established its *prima facie* entitlement to a judgment of foreclosure. Specifically, Plaintiff has produced copies of the note demonstrating the obligations of Defendants. ECF No. 1-1 at 15. The note includes the address of the Subject Property, the principal amount owed of $333,730.00, the interest rate (7.50%), the monthly amount due ($2,333.49), and procedures in the event of default. *Id*. A mortgage was issued pursuant to the note on March 29, 2007. *Id.* at 6. The mortgage was assigned to Plaintiff on March 9, 2022. *Id.* at 61-63. That mortgage previously had been modified by agreement with a new principal balance of $336,450.56, interest fees and costs of $29,480.79, and a new interest rate of 4.375%. *Id.* at 21; *see also* ECF No. 19-8 ("Sweeney Affidavit"). Plaintiff states that Defendants defaulted due to their failure to pay their monthly payments staring on March 1, 2017, and continuing through the present. ECF No. 1 ¶¶ 17-18. Defendants failed to cure their default after the 90-day notice (which detailed the risk of foreclosure)[3] was sent to them. *Id*. Plaintiff, therefore, established through evidentiary support that a debt exists, that it was secured by a mortgage, and that a default occurred on that debt. *See Thomas*, 2022 WL 5114489, at *3

---

[3] The 90-day notice appears to have complied with RPAPL §§ 1304 and 1306, as it was served on Defendants more than 90 days prior to the filing of the Complaint and registered with the Superintendent of the New York State Department of Financial Services within three days. ECF No. 1 ¶¶ 16-19; ECF No. 19-5.

7

(granting default judgment and foreclosure for sale where plaintiff established a *prima facie* case of foreclosure).

However, for the reasons discussed herein, the undersigned finds that Plaintiff's request for foreclosure and sale of the Subject Property should nonetheless be denied without prejudice at this time. *See Windward Bora LLC v. Montour*, No. 2:23-CV-03654, 2023 WL 10408307, at *5 (E.D.N.Y. Oct. 2, 2023) (granting default judgement as to liability but denying foreclosure and sale until Plaintiffs provided more than "conclusory allegations that are insufficient to support damages") *report and recommendation adopted*, No. 23-CV-3654, 2024 WL 1142389 (E.D.N.Y. Mar. 15, 2024); *Freedom Mortg. Corp. v. Elmore-Hernandez*, No. 18-CV-1840, 2019 WL 2779320, at *5 (E.D.N.Y. May 8, 2019) (denying a judgment of foreclosure and sale until Plaintiffs fully demonstrated their rights to foreclosure against all defendants), *report and recommendation adopted*, 2019 WL 2775620 (E.D.N.Y. July 2, 2019).

## V.  DAMAGES AND OTHER REMEDIES

The undersigned recommends denial without prejudice of Plaintiff's requests for (1) damages due on the promissory note, (2) costs, and (3) appointment of a referee. However, the Court recommends that Plaintiff's request to extinguish Defendants interests in the Subject Property be granted.

### A.  Damages Due on the Promissory Note and Mortgage

Once a party establishes default, "it must still prove damages." *Thomas*, 2022 WL 5114489, at *4 (citations omitted). "In mortgage foreclosure cases, courts consider the documentary evidence presented by plaintiffs and have awarded damages including unpaid principal, accrued interest, recoverable costs, escrow advances, and late charges." *Montour*, 2023 WL 10408307, at *3; *see also Windward Bora LLC v. Valencia,* No. 19-CV-4147, 2022

8

WL 872506, at *6 (E.D.N.Y. Mar. 24, 2022) ("Courts can use several tools to assess damages, including affidavits, documentary evidence, and evidentiary hearings.") (internal quotation marks and citations omitted); *CIT Bank, N.A. v. Schiffman*, No. 16-CV-5772, 2022 WL 912520, at *3 (E.D.N.Y. Mar. 29, 2022) (awarding unpaid principal, interest, cost, and late charges).

Here, Plaintiff submitted an affidavit and an attorney declaration seeking a total amount of $503,126.05. ECF No. No. 19-1 ("Alan Weinreb Declaration") ¶ 7; Sweeney Aff. ¶ 9. This total is broken down by principal balance, interest, late fees, unpaid loan charges, and fees, costs, and disbursements. *Id.*; *see also* Sweeney Aff. ¶¶ 5-9. The amounts due pursuant to the mortgage are calculated by John Sweeney, a member of Reliant Holdings Group, LLC, which is the sole member of Empire (*see* Sweeney Aff. ¶ 1) and are reiterated by Plaintiff's attorney under penalty of perjury. *See* Weinreb Decl. ¶¶ 1-7. As to the monetary amounts in connection with the note and the mortgage, the Sweeney Affidavit includes several summaries and no supporting documentation. *See* Sweeney Aff. ¶¶ 5-9. The Weinreb Declaration also does not include additional supporting documents to back-up its calculations. *See generally*, Weinreb Decl.

The Court finds Plaintiff's submissions insufficient to support the requested damages and costs. Specifically, Plaintiff fails to provide adequate "back-up documentation to support these amounts." *Montour*, 2023 WL 10408307, at *3; *see, e.g., Freedom Mortg. Corp. v. Bullock*, No. 2:19-CV-664, 2023 WL 5266343, at *6 (E.D.N.Y. Aug. 4, 2023) (Bulsara, M.J.) (denying a motion for default judgment where the damages were not adequately substantiated) (citing *Freedom Mortg. Corp. v. King*, No. 19-CV-4833, 2023 WL 3494738, at *3 (E.D.N.Y. May 17, 2023) (Garaufis, J.) (denying Freedom Mortgage's request for reimbursement of tax disbursements, mortgage insurance, and property inspection/preservation disbursements, notwithstanding its right to collect such payments under the Mortgage, for failure to provide

9

sufficient documentation) (collecting cases)).  The statement of damages cannot be "merely a summarized list of costs–without any transaction history or detailed breakdown of the date and amount of each type of disbursement—[that fails] to include any back-up documentation to support these amounts."  *Bullock*, 2023 WL 5266343, at *6 (E.D.N.Y. Aug. 4, 2023).  Such a summary amounts to nothing more than "conclusory allegations that are insufficient to support damages."  *Id*.  The Court finds that Plaintiff's submissions are deficient in this regard, as they do not contain any back-up documentation for their financial calculations.[4]  Therefore, the Court recommends denial without prejudice of Plaintiff's requests for damages and costs with leave to file a new motion with adequate supporting documentation.

### B. Attorney Costs

Plaintiff also requests "reasonable attorney fees."  ECF No. 19-4 at 8.  In light of Plaintiff's failure to provide sufficient evidence to support its aforementioned request for damages and costs due under the note and mortgage, however, the Court recommends that the request for attorney costs be denied without prejudice and can be renewed in the supplemental motion noted above.

### C. Appointment of a Referee

Plaintiff requests the Court appoint a referee to effectuate sale of the mortgaged property and to disburse the funds from such sale pursuant to RPAPL § 1611 and Rule 53.  ECF No. 19-1 ¶ 13.  Such appointments have been permitted when the plaintiff has established a *prima facie* case by presenting a note, mortgage, and proof of default.  *See Windward Bora LLC v. Valente*,

---

[4] The undersigned also notes that on at least one occasion, Plaintiff alleges the total damages "as of April 10, 2023, amount[] to $514,022.58." ECF No. 19-4 ¶ 21.  This representation is at odds with the many other instances where Plaintiff claims that the "total amount owed on this loan [is] $503,126.05 as of January 30, 2024." Weinreb Decl. at ¶ 7; ECF No. 19-2 at 1; Sweeney Aff. ¶ 9.  This inconsistency again underscores the need for greater support and clarity in Plaintiff's damages calculations.

10

No. 18-CV-4302, 2019 WL 3872853, at *4 (E.D.N.Y. July 16, 2019) (collecting cases). However, since the undersigned recommends denying Plaintiff's requested damages without prejudice, the undersigned also recommends denying the request to appoint a referee without prejudice at this time and can be renewed in the supplemental motion noted above.

## VI.   CONCLUSION

For the above reasons, the undersigned recommends that the Motion be granted in part as to liability and denied without prejudice as to foreclosure and sale and other damages with leave to renew upon a further showing consistent with this Report and Recommendation. The undersigned also recommends that Defendants' interests in the Subject Property be extinguished.

## VII.  OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Choudhury. FAILURE TO FILE TIMELY OBJECTIONS SHALL CONSTITUTE A WAIVER OF THOSE OBJECTIONS BOTH IN THE DISTRICT COURT AND ON LATER APPEAL TO THE UNITED STATES COURT OF APPEALS. *See Thomas v. Arn*, 474 U.S. 140, 154-55 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *F.D.I.C. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995).

**SO ORDERED**:

Dated: Central Islip, New York
April 23, 2024

s/ Lee G. Dunst

**LEE G. DUNST**
United States Magistrate Judge

11