UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Empire Community Development, LLC,<br><br>                              Plaintiff,<br><br>-v-<br><br>Brian K. Larsen, Kimberly A. Larsen a/k/a Kimberly A. Kaiser-Larsen, and Suffolk County Traffic & Parking Violations Agency,<br><br>                              Defendants. | 2:23-cv-5896<br>(NJC) (LGD) |

**ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

Plaintiff Empire Community Development, LLC ("Plaintiff") filed this diversity action against Defendants Brian K. Larsen, Kimberly A. Larsen, also known as Kimberly A. Kaiser-Larsen ("Kimberly Larsen," collectively the "Defendants"), and the Suffolk County Traffic & Parking Violations Agency ("the SCTPVA"), seeking a judgment of foreclosure and sale of real property located at 16 Thomas Street, Coram, NY 11727 (the "Property") pursuant to New York Real Property Law § 1301, et seq. (Compl., ECF No. 1.) The SCTPVA appeared in this action and was subsequently dismissed following the filing of a stipulation of dismissal by Plaintiff and the SCTPVA. (ECF No. 18; Elec. Order, Mar. 26, 2024.)

Before the Court is Magistrate Judge Lee G. Dunst's revised oral report and recommendation ("Revised Oral R&R") (Not. Elec. Filing, Sept. 25, 2025), recommending that the Motion to Vacate filed by Defendant Brian K. Larsen (ECF No. 33) be deemed both withdrawn and denied.

## PROCEDURAL HISTORY

On February 20, 2024, Plaintiff filed its First Motion for Default Judgment against Defendants ("First Default Judgment Motion"), which sought a judgment of foreclosure and sale of the Property. (First Default Mot., ECF No. 19.) On March 8, 2024, the Court referred the First Default Judgment Motion to Magistrate Judge Dunst for a written report and recommendation. (Elec. Order, Mar. 8, 2024.) On April 23, 2024, Magistrate Judge Dunst issued a report and recommendation (First R&R, ECF No. 20), recommending that the motion "be granted in part as to liability and be denied without prejudice as to foreclosure and sale, damages and costs, and appointment of a referee." (*Id.* at 1.) The Court adopted the First R&R in its entirety and gave Plaintiff another opportunity to "file a renewed Motion for Default Judgment addressing the deficiencies discussed in the [First] R&R." (ECF No. 21 at 2.)

On July 31, 2024, the Court referred the forthcoming motion to Magistrate Judge Dunst for a written report and recommendation. (Elec. Order, July 31, 2024.) On August 28, 2024. Plaintiff filed Second Motion for Default Judgment ("Second Default Judgment Motion"). (Second Mot., ECF No. 24.) On October 24, 2024, Magistrate Judge Dunst issued a written report and recommendation (Second R&R, ECF No. 25), recommending a grant of the Second Default Judgment Motion, that Plaintiff be awarded $447,036.67 in damages, and the appointment of a referee for the sale of the Property through public auction. (*Id.* at 7.) On January 29, 2025, the Court adopted the Second R&R in its entirety and granted the Second Motion. (ECF No. 29.) On January 31, 2025, the undersigned ordered a Judgment of Foreclosure and Sale (ECF No. 31.)

On May 21, 2025, Defendant Brian K. Larsen, acting pro se, appeared in this action and filed a Motion to Vacate the Judgment of Foreclosure and Sale ("Motion to Vacate"). (Mot.

2

Vacate, ECF No. 33.) On May 24, 2025, the Court referred the Motion to Vacate to Magistrate Judge Dunst for a written report and recommendation. (Elec. Order, May 24, 2025.)

On May 27, 2025, Magistrate Judge Dunst issued an order, setting a briefing schedule for the Motion to Vacate and staying this Court's Judgment of Foreclosure and Sale pending resolution of the motion in light of the filing of a bankruptcy petition by Defendant Brian K. Larsen on April 7, 2025. (Elec. Order, May 27, 2025.) On June 18, 2025, Plaintiff filed its opposition to the Motion to Vacate. (Opp'n, ECF No. 38.) Defendant Brian K. Larsen did not file a reply.

The Clerk of Court mailed both this Court's May 24, 2025 Order referring the Motion to Vacate to Magistrate Judge Dunst and Magistrate Judge Dunst's May 27, 2025 Order setting a briefing schedule and staying this Court's Judgment of Foreclosure and Sale to Defendant Brian J. Larsen at his address of record, which is the same address stated in the Motion to Vacate. (ECF Nos. 39–40.) The mail was returned as undeliverable. (*Id.*)

On July 23, 2025, Magistrate Judge Dunst ordered Defendants, including Defendant Brian K. Larsen, to advise the Court by August 22, 2025 "whether they are still pursuing the pending Motion to Vacate." (Elec. Order, July 23, 2025.) He also ordered Plaintiff to serve the July 23, 2025 Order on Defendants by August 1, 2025 "via any and all mailing addresses" and "any and all email addresses" for Defendants known to Plaintiff and to "file evidence of service by" August 8, 2025. (*Id.*) On July 24, 2025, Plaintiff filed proof of mailing and a letter reporting that Defendant Brian K. Larsen's bankruptcy case had been dismissed on June 6, 2025. (ECF No. 41.)

On August 29, 2025, Magistrate Judge Dunst found that "Defendants failed to advise the Court whether they are still pursuing the pending motion," but nevertheless provided Defendants

3

an additional opportunity to advise the Court, by September 12, 2025, "whether they are still pursuing the pending Motion to Vacate" and ordered the parties to appear for a telephone conference on September 15, 2025. (Elec. Order, Aug. 29, 2025.) He also ordered Plaintiff to serve the August 29, 2025 Order on Defendants and file proof of service by September 3, 2025. (*Id.*) On September 4, 2025, Plaintiff filed the affidavit of Plaintiff's counsel, Nina Clancy ("Clancy"), in which Clancy attests to sending Defendants the August 29, 2025 Order by first class mail on September 3, 2025. (ECF No. 43.)

Defendant Brian K. Larsen failed to appear at the September 15, 2025 status conference before Magistrate Judge Dunst. (Min. Entry, Sept. 15, 2025.) In a Minute Entry regarding the conference, Magistrate Judge Dunst set forth what he called a "recommendation" ("Minute Entry R&R"), recommending that the Court deem the Motion to Vacate "withdrawn and denied" and setting a deadline for Defendants to object "within *ten days*." (*Id.* (emphasis added).) He also ordered Plaintiff to serve the Minute Entry R&R on Defendants and to file proof of service. (*Id.*) On September 17, 2025, Plaintiff filed another affidavit from Clancy, in which Clancy attests to sending Defendants the Minute Entry R&R by first class mail on September 17, 2025. (ECF No. 47.)

On September 24, 2025, Magistrate Judge Dunst issued a docket entry, dated September 15, 2025 and titled "ORAL REPORT AND RECOMMENDATIONS" ("Original Oral R&R"), which restated the information in the Minute Entry R&R and indicated that any objections to the recommendation were due by September 29, 2025. (Not. Elec. Filing, Sept. 24, 2025.) On September 25, 2025, Magistrate Judge Dunst modified the Original Oral R&R by extending the objection deadline, providing the parties until October 10, 2025 to file objections to his

4

recommendation that the Motion to Vacate be deemed withdrawn and denied. (Not. Elec. Filing, Sept. 25, 2025.)

The Clerk of Court mailed both the Minute Entry R&R and the Revised Oral R&R to Defendant Brian K. Laren at his address of record, but both mailings were returned to the Court as undeliverable. (ECF Nos. 48, 50.)

On October 7, 2025, Plaintiff filed a letter "advis[ing] that the deadline for objections to Magistrate Judge Dunst's September 15, 2025 Report and Recommendations (ECF Minute Entry dated 9/15/2025) has now passed, and no objections have been filed by Defendant Brian Larsen . . . ." (ECF No. 49.) Plaintiff "request[s] that the Court adopt the recommendation in full and lift the stay entered on May 27, 2025, so that Plaintiff may proceed with enforcement of the Judgment of Foreclosure and Sale (ECF No. 31)." (*Id.*)

## LEGAL STANDARDS

A district court may refer pretrial matters to a magistrate judge for a report and recommendation. 28 U.S.C. § 636(b)(1). Under both 28 U.S.C. § 636(b)(1) and Rule 72(a) of the Federal Rule of Civil Procedure ("Fed. R. Civ. P."), parties have the opportunity to serve and file objections to the report and recommendation of a magistrate judge within fourteen days of being served with the report and recommendation. Rule 5, Fed. R. Civ. P., permits service of a paper by "mailing it to the person's last known address" and provides that, if service is carried out by mailing, "service is complete *upon* mailing." Fed. R. Civ. P. 5(b)(2)(C) (emphasis added).

## DISCUSSION

Contrary to Plaintiff's position, it is not clear that the time period for the parties to file objections to Magistrate Judge Dunst's Minute Entry R&R, Original Oral R&R, or Revised Oral R&R has elapsed. First, the Minute Entry R&R did not accurately inform the parties of time

5

period for filing objections. It mistakenly informed the parties that objections were due ten days from the date of entry of the Minute Entry R&R on the docket, rather than *fourteen days from the date of service* of the Minute Entry R&R, which is deemed to have been complete upon mailing, under Rule 5(b)(2)(C)—the time period required under 28 U.S.C. § 636(b)(1) and Rule 72(a). (Min. Entry, Sept. 15, 2025.) The Minute Entry R&R therefore provided inadequate notice to the parties.

Second, the Original R&R was issued on September 24, 2025, but only provided the parties five days (until September 29, 2025) to file objections, which did not permit Defendants to be served and have the statutorily required fourteen days from service of the report and recommendation to file objections. (Not. Elec. Filing, Sept. 24, 2025.)

The Revised Oral R&R, issued on September 25, 2025, permitted the parties until October 10, 2025 to file objections—a deadline that was more than fourteen days out. (Not. Elec. Filing, Sept. 25, 2025.) Accordingly, if Plaintiff served the Revised Oral R&R by September 26, 2025, then Defendants were provided fourteen days from service to file objections before the October 10, 2025 deadline set forth in the Revised Oral R&R. (*See id.*) However, Plaintiff has not filed proof of service of the Revised Oral R&R, which is the only report and recommendation that provided the parties with the statutorily required fourteen days to file objections as required by 28 U.S.C. 636(b)(1) and Rule 72.[1]

Accordingly, Plaintiff must file proof of service of the Revised Oral R&R by **October 17, 2025** to permit the Court to determine whether Defendants were afforded notice of the Revised Oral R&R and provided fourteen days to file any objections.

---

[1] The Clerk of Court mailed the Revised Oral R&R to Defendants on September 26, 2026, but the mail was returned undeliverable. (ECF No. 50 at 1.)

6

If Plaintiff did not serve the Revised Oral R&R on Defendants on or before September 26, 2025, the parties have fourteen days following the date of service of the Revised R&R to file objections to the Revised R&R.

Dated: Central Islip, New York
October 14, 2025

                                                     */s/ Nusrat J. Choudhury*
                                                    NUSRAT J. CHOUDHURY
                                                    United States District Judge