UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Empire Community Development, LLC,<br><br>            Plaintiff,<br><br>      -v-<br><br>Brian K. Larsen, Kimberly A. Larsen a/k/a Kimberly A. Kaiser-Larsen, and Suffolk County Traffic & Parking Violations Authority,<br><br>            Defendants. | 2:23-cv-5896<br>(NJC) (LGD) |

## MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

  Plaintiff Empire Community Development, LLC ("Plaintiff") filed this diversity action against Defendants Brian K. Larsen, Kimberly A. Larsen, also known as Kimberly A. Kaiser-Larsen ("Kimberly Larsen," collectively the "Defendants"), and the Suffolk County Traffic & Parking Violations Agency ("the SCTPVA"), seeking a judgment of foreclosure and sale of real property located at 16 Thomas Street, Coram, NY 11727 (the "Property") pursuant to New York Real Property Law § 1301, et seq. (Compl., ECF No. 1.) The SCTPVA appeared in this action and was subsequently dismissed following the filing of a stipulation of dismissal by Plaintiff and the SCTPVA. (ECF No. 18; Elec. Order, Mar. 26, 2024.)

  Before the Court is Magistrate Judge Lee G. Dunst's oral report and recommendation ("September 2025 R&R") (Not. Elec. Filing, Sept. 25, 2025), recommending that the Motion to Vacate filed by Defendant Brian K. Larsen (ECF No. 33) be deemed both withdrawn and denied.

## PROCEDURAL HISTORY

On February 20, 2024, Plaintiff filed its First Motion for Default Judgment against Defendants ("First Default Judgment Motion"), which sought a judgment of foreclosure and sale of the Property. (First Default Mot., ECF No. 19.) On March 8, 2024, the Court referred the First Default Judgment Motion to Judge Dunst for a written report and recommendation. (Elec. Order, Mar. 8, 2024.) On April 23, 2024, Judge Dunst issued a report and recommendation (April 2024 R&R, ECF No. 20), recommending that the motion "be granted in part as to liability and be denied without prejudice as to foreclosure and sale, damages and costs, and appointment of a referee." (*Id.* at 1.) The Court adopted the April 2024 R&R in its entirety and gave Plaintiff another opportunity to "file a renewed Motion for Default Judgment addressing the deficiencies discussed in the [April 2024] R&R." (ECF No. 21 at 2.)

On July 31, 2024, the Court referred the forthcoming default judgment motion to Judge Dunst for a written report and recommendation. (Elec. Order, July 31, 2024.) On August 28, 2024. Plaintiff filed a Second Motion for Default Judgment ("Second Default Judgment Motion"). (Second Default Mot., ECF No. 24.) On October 24, 2024, Judge Dunst issued a written report and recommendation (October 2024 R&R, ECF No. 25), recommending a grant of the Second Default Judgment Motion, that Plaintiff be awarded $447,036.67 in damages, and the appointment of a referee for the sale of the Property through public auction. (*Id.* at 7.)

On January 29, 2025, the Court adopted the October 2024 R&R in its entirety and granted the Second Default Judgment Motion. (Mem. & Order, ECF No. 29.) On January 31, 2025, the undersigned ordered a Judgment of Foreclosure and Sale. (ECF No. 31.)

On May 21, 2025, Defendant Brian K. Larsen, acting pro se, appeared in this action and filed a Motion to Vacate the Judgment of Foreclosure and Sale ("Motion to Vacate"). (Mot.

Vacate, ECF No. 33.) On May 24, 2025, the Court referred the Motion to Vacate to Judge Dunst for a written report and recommendation. (Elec. Order, May 24, 2025.)

On May 27, 2025, Judge Dunst issued an order, setting a briefing schedule for the Motion to Vacate and staying this Court's Judgment of Foreclosure and Sale pending resolution of the motion in light of the filing of a bankruptcy petition by Defendant Brian K. Larsen on April 7, 2025. (Elec. Order, May 27, 2025.) On June 18, 2025, Plaintiff filed its opposition to the Motion to Vacate. (Opp'n, ECF No. 38.) Defendant Brian K. Larsen did not file a reply.

The Clerk of Court mailed both this Court's May 24, 2025 Order referring the Motion to Vacate to Judge Dunst and Judge Dunst's May 27, 2025 Order setting a briefing schedule and staying this Court's Judgment of Foreclosure and Sale to Defendant Brian J. Larsen at his address of record, which is the same address stated in the Motion to Vacate. (ECF Nos. 39–40.) The mail was returned as undeliverable. (*Id.*)

On July 23, 2025, Judge Dunst ordered Defendants, including Defendant Brian K. Larsen, to advise the Court by August 22, 2025 "whether they are still pursuing the pending Motion to Vacate." (Elec. Order, July 23, 2025.) He also ordered Plaintiff to serve the July 23, 2025 Order on Defendants by August 1, 2025 "via any and all mailing addresses" and "any and all email addresses" for Defendants known to Plaintiff and to "file evidence of service by" August 8, 2025. (*Id.*) On July 24, 2025, Plaintiff filed proof of mailing and a letter reporting that Defendant Brian K. Larsen's bankruptcy case had been dismissed on June 6, 2025. (ECF No. 41.)

On August 29, 2025, Judge Dunst found that "Defendants have failed to advise the Court whether they are still pursuing the pending motion," but nevertheless provided Defendants an additional opportunity to advise the Court, by September 12, 2025, "whether they are still pursuing the pending Motion to Vacate" and ordered the parties to appear for a telephone

3

conference on September 15, 2025. (Elec. Order, Aug. 29, 2025.) He also ordered Plaintiff to serve the August 29, 2025 Order on Defendants and file proof of service by September 3, 2025. (*Id.*) On September 4, 2025, Plaintiff filed the affidavit of Plaintiff's counsel, Nina Clancy ("Clancy"), in which Clancy attests to sending Defendants the August 29, 2025 Order by first class mail on September 3, 2025. (ECF No. 43.)

Defendant Brian K. Larsen failed to appear at the September 15, 2025 status conference before Judge Dunst. (Min. Entry, Sept. 15, 2025.) In a Minute Entry regarding the conference, Judge Dunst set forth what he called a "recommendation," recommending that the Court deem the Motion to Vacate "withdrawn and denied" and setting a deadline for Defendants to object "within *ten days*." (*Id.* (emphasis added).) He also ordered Plaintiff to serve the Minute Entry on Defendants and to file proof of service. (*Id.*) On September 17, 2025, Plaintiff filed another affidavit from Clancy, in which Clancy attests to sending Defendants the Minute Entry by first class mail on September 17, 2025. (ECF No. 47.)

On September 24, 2025, Judge Dunst issued a docket entry, dated September 15, 2025 and titled "ORAL REPORT AND RECOMMENDATIONS" ("September 2025 R&R"), which restated the information in the Minute Entry R&R and indicated that any objections to the recommendation were due by September 29, 2025. (Not. Elec. Filing, Sept. 24, 2025.) On September 25, 2025, Judge Dunst modified the September 2025 R&R by extending the objection deadline, providing the parties until October 10, 2025 to file objections to his recommendation that the Motion to Vacate be deemed withdrawn and denied. (Not. Elec. Filing, Sept. 25, 2025.)

The Clerk of Court mailed both the Minute Entry and the September 2025 R&R to Defendant Brian K. Laren at his address of record, but both mailings were returned to the Court as undeliverable. (ECF Nos. 48, 50.)

4

On October 7, 2025, Plaintiff filed a letter "advis[ing] that the deadline for objections to Magistrate Judge Dunst's September 15, 2025 Report and Recommendations (ECF Minute Entry dated 9/15/2025) has now passed, and no objections have been filed by Defendant Brian Larsen . . . ." (ECF No. 49.) Plaintiff "requests that the Court adopt the recommendation in full and lift the stay entered on May 27, 2025, so that Plaintiff may proceed with enforcement of the Judgment of Foreclosure and Sale (ECF No. 31)." (*Id.*)

On October 14, 2025, this Court issued an Order identifying certain procedural deficiencies with the Minute Entry and the September 2025 R&R and stating that "it is not clear that the time period for the parties to file objections to Magistrate Judge Dunst's [Minute Entry or September R&R] has elapsed." (Order, ECF No. 51 at 5.) The Court found that: (1) the Minute Entry and September 2025 R&R had set forth objection deadlines that failed to comply with the statutory requirements of 28 U.S.C. § 636(b)(1) and Rule 72(a) of the Federal Rules of Civil Procedure; and (2) that Plaintiff had not filed proof of service of the September 2025 R&R, as required by Judge Dunst's Order (*see* September 2025 R&R, Elec. Order, Sept. 15, 2025). (Order, ECF No. 51 at 5–6.) The Court then ordered Plaintiff to file proof of service of the September 2025 R&R upon Defendants to "permit the Court to determine whether Defendants were afforded notice of the [September 2025 R&R] and provided fourteen days to file any objections." (*Id*. at 6.)

On October 14, 2025, Plaintiff filed another affidavit of service from Nina Clancy, who attests that on that date, Defendants were served by first-class mail with copies of (1) the September 2025 R&R, and (2) this Court's October 14, 2025 Order. (ECF No. 52.) Therefore, the deadline for Defendants to object to the September 2025 R&R was October 28, 2025. No objections were filed.

5

Additionally, the Clerk of Court mailed the Court's October 14, 2025 Order to Defendant Brian K. Larsen at his address of record, but the mailing was again returned to the Court as undeliverable. (ECF No. 53.)

## LEGAL STANDARDS

In reviewing a report and recommendation, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If no objections are filed, a district court reviews a report and recommendation for clear error. *Nambiar v. Cent. Orthopedic Grp., LLP*, No. 24-1103, ___ F.4th ___, 2025 WL 3007285, at *2 (2d Cir. Oct. 28, 2025); *In re GEICO Customer Data Breach Litig.*, 691 F. Supp. 3d 624, 628 (E.D.N.Y. 2023) (citing *Galvez v. Aspen Corp.*, 967 F. Supp. 2d 615, 617 (E.D.N.Y. 2013)).

Now that the Court has confirmed that sufficient notice was provided to the Defendants and that the objection deadline has passed without any objections, the Court will review the September 2025 R&R for clear error.

## DISCUSSION

Having reviewed the Motion to Vacate, the docket history, the September 2025 R&R and all preceding R&Rs, and the applicable law, I adopt the September 2025 R&R in part. Specifically, in light of Defendant Larsen's failure to respond to the Judge Dunst's orders concerning the Motion to Vacate and failure to appear at the September 15, 2025 conference concerning the motion, the Motion to Vacate is hereby dismissed as withdrawn. I do not adopt the September 2025 R&R's recommendation to deny the Motion to Vacate because a motion cannot be simultaneously deemed withdrawn and denied on the merits.

Because the motion to vacate is withdrawn, this Court vacates Judge Dunst's stay of the Judgment of Foreclosure and Sale. Accordingly, the January 31, 2025 Judgment of Foreclosure

6

and Sale (ECF No. 31) is now again in force. This case has been marked closed on the docket and shall remain so.

Dated: Central Islip, New York
November 20, 2025

                                                  */s/ Nusrat J. Choudhury*
                                                 NUSRAT J. CHOUDHURY
                                                 United States District Judge